IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DOUGLAS K. KELLY, et al.          :

                                    :

      v.                       : Civil Action No. DKC 2006-0014

                                      :

THOMAS AARON BILLIARDS, et al.    :

                                      :

**MEMORANDUM OPINION**

Presently before the court is the motion of The Billiard Connection to set aside entry of default and vacate/stay prior order. (Paper 53).

Plaintiff filed suit on January 4, 2006, against four defendants, not including The Billiard Connection. It was not until July 26, 2006, that an Amended Complaint was filed naming The Billiard Connection as a defendant. William Brint was served, on behalf of The Billiard Connection, on August 15, 2006. An extension of the scheduling order was entered on September 11, extending discovery until December 28, 2006, based on a consent motion that referenced the *pro se* answer of The Billiard Connection. The "answer" was not filed with the clerk, however, and a corporation may only appear through counsel in this court. Plaintiff moved on October 6, for a clerk's entry of default. A default was entered on October 10, and the current motion to vacate was filed on October 18, 2006.

In the motion, counsel recites that Mr. Brint wrote directly to counsel for Plaintiff upon receipt of the complaint, attempting

to answer the complaint.   He did so without the assistance of counsel.   When counsel for plaintiff advised him that the answer would not be accepted, Mr. Brint immediately sought counsel.

Rule 55 of the Federal Rules of Civil Procedure provides that a court may, "[f]or good cause shown," set aside an entry of default. Fed.R.Civ.P. 55(c).

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic. See id. [*Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)]; *see also Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir.1987).

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

Plaintiff opposes the motion to vacate entry of default on the ground that there has been no showing of a meritorious defense.   To the contrary, the letter recites a basis for a personal jurisdiction defense, and recites that Mr. Brint purchased some pool tables "alleged" to have the "Liberty Group" logo on them.   He was not aware of any trademark restrictions.   The Billiard Connection acted diligently, both in attempting to respond to the complaint and in moving to set aside the default.   There is no

prejudice to Plaintiff.  Accordingly, the motion to vacate entry of

default will be granted.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge